**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-31177
Summary Calendar
_____

RODNEY HAMILTON,

Plaintiff-Appellee,

VERSUS

BILLY R. TRAVIS, Colonel, ET AL.

Defendants,

BILLY R. TRAVIS, Colonel; DOUG DURETTE;
SHIRLEY COODY; HARVEY GRIMMER,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(92-CV-884)
_____
July 30, 1996

Before WISDOM, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy Travis, Doug Durette, Shirley Coody, and Harvey Grimmer, the defendants-appellants, moved the district court for summary judgment in a state prisoner's civil rights suit. The defendants argued that the plaintiff-appellee's suit is barred under the doctrine of *res judicata* because a state court already decided the plaintiff's claim. The district court denied their motion. The defendants then filed this interlocutory appeal of the district court's ruling, arguing that this Court has jurisdiction over their appeal pursuant to the collateral order doctrine.

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The collateral order doctrine is a narrow exception to the requirement that only final decisions may be appealed. Under the collateral order doctrine, this Court has appellate jurisdiction over an interlocutory appeal of a district court order provided that the appealing party can establish that the order (1) conclusively determines the disputed issue, (2) resolves an issue that is completely separate from the merits of the action, and (3) cannot be effectively reviewed on appeal from a final judgment.[1] The defendants have not satisfied the third prong of this test.

In the interests of preventing piecemeal litigation and encouraging judicial economy, the courts have greatly limited the application of the collateral order doctrine.[2] This doctrine is best suited for interlocutory appeals in which the appealing party's right to be free from the burden of litigation is at stake, such as when a district court rejects the defense of double jeopardy or qualified immunity.[3] In the instant case, the defendants invoke the full faith and credit clause of the Constitution, asserting that the rejection of their appeal will irreparably harm the interests protected by this constitutional provision. The defendants, however, have not demonstrated how the full faith and credit of the state court decision would be injured by deferring judgment on this issue until the district court has entered a final judgment in this case.[4] Furthermore, like challenges to jurisdiction, motions asserting *res judicata* "can be made in virtually every case and it would be no consolation that a party's meritless . . . *res judicata* claim was rejected on immediate appeal; the damage to the efficient and congressionally mandated allocation of judicial responsibility would be done, and any

---

[1] Marler v. Adonis Health Prods., 997 F.2d 1141, 1142 (5th Cir. 1993).

[2] See Digital Equip. Corp. v. Desktop Direct, Inc., 114 S. Ct. 1992, 1995-96, 128 L. Ed. 2d 842, 848-50 (1994).

[3] Digital Equip. Corp., 114 S. Ct. at 1996-97, 128 L. Ed. 2d at 850-51.

[4] See In re Corrugated Container Antitrust Litig., 694 F.2d 1041, 1043 (5th Cir. 1983); see also Digital Equip. Corp., 114 S. Ct. at 2000, 128 L. Ed. 2d at 852; Bryant v. Sylvester, 57 F.3d 308, 312 (3d Cir. 1995), vacated on other grounds, 116 S. Ct. 899, 133 L. Ed. 2d 834 (1996).

improper purpose the appellant might have had in saddling its opponent with cost and delay would be accomplished" if this appeal were allowed to proceed.[5]

Because the defendants have not established that the issue of *res judicata* is effectively unreviewable on appeal after a final judgment, we hold that the defendants have not satisfied the burdens of the collateral order doctrine and DISMISS this appeal for lack of jurisdiction.

---

[5] Digital Equip. Corp., 114 S. Ct. at 1999, 128 L. Ed. 2d at 852.